IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Criminal Case No. 01-cr-00437-LTB

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1. BERT SANDERS,

       Defendant.

---

### ORDER

---

Upon Defendant's Response to Plaintiff's Response to Defendant's Pro Se Motion to Modify Terms of Imprisonment Pursuant to 18 U.S.C. 3582(c)(2) (Doc 152 - filed February 12, 2010), it is

ORDERED that the Probation Officer's Memorandum dated November 16, 2009, attached hereto, is provided to Defendant. Defendant shall have **up to and including March 3, 2010** to respond to the memorandum.

                              BY THE COURT:

                              _/s/ Lewis T. Babcock_
                              Lewis T. Babcock, Judge

DATED: February 17, 2010



# MEMORANDUM

To: Senior Judge Babcock

From: Probation Office

Date: November 16, 2009

Re: BERT SANDERS
01-cr-00437-LTB-01

On November 9, 2009, defendant filed a Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2). The Court ordered the Government and the Probation Office to respond to the defendant's Motion by December 1, 2009.

On October 14, 2008, the Court granted the defendant's previous motion for reduction in the term of imprisonment imposed based on a guideline sentencing range that was subsequently lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u) (the "crack cocaine" amendment). The defendant lowered the defendant's base offense level from 32 to 30 as the instant offense involved 73.35 grams of cocaine base (at least 50 grams but less than 150 grams cocaine base, pursuant to §2D1.1(c)(5)). The defendant's sentence was subsequently reduced from 151 months to 121 months.

Defendant now argues that this was an incorrect sentence reduction and also requests a reduction "based on the 1 to 1 ratio as it applies to this case under HR3245, which would also amount to time served for the defendant in this case."

As noted above, the Probation Office maintains that the defendant's advisory guideline range was correctly calculated and lowered under the provisions of §2D1.1(c)(5). Furthermore, H.R. 3245, "The Fairness in Cocaine Sentencing Act of 2009" passed the House subcommittee on July 29, 2009 by a vote of 16 to 9. H.R. 3245 has not been voted on by the House of Representatives or the Senate. In addition, it appears that H.R. 3245 does not address the issue of retroactivity.

Based on this information, the Probation Office believes the defendant's motion should be denied.

Approved:

ROSA MIRAFLOR
DEPUTY CHIEF PROBATION OFFICER

Respectfully submitted,

KURT A. THOENE
SUPERVISING PROBATION OFFICER

cc: Charles Elliott
Colleen Covell